IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NAVJOT SINGH PETITIONER

V. CIVIL ACTION No. 5:26-CV-406-DCB-BWR

RAFAEL VERGARA RESPONDENT
Warden of Adams County
Correctional Center

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 11] of the United States Magistrate Judge entered herein on September 30, 2026, in this action brought pursuant to 28 U.S.C. § 2241 and Navjot Singh's Motion for Temporary Restraining Order [ECF No. 15] entered on October 19, 2026. In the Report, Judge Rath recommended that Singh's Petition [ECF No. 1] be dismissed because Singh's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Petitioner, proceeding pro se, timely filed objections to the Report. See [ECF Nos. 12, 13, and 16]. The Court will also address Singh's Amended Petition [ECF No. 14] filed October 19, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire

v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed Singh's Petition [ECF No. 1], Objections to the Report [ECF No. 13], Motion for Temporary Restraining Order [ECF No. 15], Amended Petition [ECF No. 14], and the related filings. The Court observes that Singh, a native and citizen of India, was detained by U.S. Border Patrol on November 30, 2024, at the United States-Mexico border near San Ysidro, California, and processed for expedited removal. An Immigration Judge (IJ) subsequently denied Singh's application for asylum, but granted his applications for withholding of removal under § 208 of the Immigration Nationality Action (INA) and the Convention

Against Torture. Thus, the IJ ordered Singh's removal withheld to India. Singh's appeal of that decision is still pending before the Board of Immigration Appeals.[1] Upon consideration, the Court adopts Judge Rath's findings and conclusions in full.

The Court finds that Singh's objections re-urge arguments set forth in his Petition. See Collins, 8 F.3d at 293; see also [ECF No. 1 at 6-7]. That is, Singh asserts in both his Petition and Objections that his detention is prolonged and is unconstitutional under the Fifth Amendment's Due Process Clause. To the extent Petitioner generally challenges the Report's application of current precedent, the Court finds the Magistrate Judge did not err. As such, Singh's objections are overruled.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has

---

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 16, 2026).

provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . . either from the statutory scheme itself or from the circumstances [in Demore]." Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934. Banyee said, "[n]or is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment." Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

Additionally, as mentioned above, the Court notes that Singh filed an Amended Petition [ECF No. 14] on October 19, 2026. Because Singh's Amended Petition was filed well after 21 days of service of his initial Petition, Respondents have responded to Singh's initial Petition, and there has been no consent to an amendment from Respondents, Rule 15 of the Federal Rules of Civil Procedure require Singh to move this Court for leave to amend. See Fed. R. Civ. P. 15(a). However, Singh filed his Amended Petition without leave, and therefore, it may be disregarded by this Court. But, out of an abundance of caution, the Court finds that even if Petitioner were granted leave to amend and this Court were to consider the Amended Petition, the aforementioned Sosnava Rodriquez ruling precludes Singh's arguments.

Further, because the Court finds Singh’s Petition is precluded and must be dismissed, the Court finds Singh’s Motion for Temporary Restraining Order [ECF No. 15] is moot and therefore denied.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Singh’s Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner’s detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment’s Due Process Clause. As such, the Court finds Singh’s Motion for Temporary Restraining Order [ECF No. 15] is denied as moot. Consequently, the Report and Recommendation [ECF No. 11], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 19th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE